IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WALTER J. BRZOWSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 12-3347 |
| | ) | |
| GLEN AUSTIN, Warden[1] | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

Petitioner, Walter J. Brzowski, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his confinement (d/e 1).  Petitioner has failed to exhaust his state court remedies and has not shown that there is an absence of available state corrective processes or circumstances that exist that would render such processes ineffective to protect his rights.  Therefore, Respondent's Motion for Leave to File Motion to Dismiss (d/e 28) is GRANTED, and

---

[1] Petitioner's petition named Glen Austin, the warden at the Jacksonville Correctional Center where Petitioner was housed when he filed the instant petition, as Respondent.  On January 16, 2013 Petitioner was transferred to the East Moline Correctional Center where Tod Van Wolvelaere is the warden.  Therefore, Mr. Van Wolvelaere is substituted as Respondent in this case.

Petitioner's petition for writ of habeas corpus is DISMISSED without prejudice (d/e 1).

## I. BACKGROUND

Petitioner, identified as prisoner M29120, is incarcerated at the East Moline Correctional Center in East Moline, Illinois. He is in the custody of Respondent Tod Van Wolvelaere.

On May 27, 2012, Petitioner was convicted in the Circuit Court of Will County, Illinois of violating an order of protection and was later sentenced to three years in prison.

On July 10, 2012, instead of properly filing a notice of appeal from his conviction in the Illinois Third District Appellate Court, Petitioner filed a pro se motion for reinstatement of bond and immediate release. In the motion, Petitioner argued that the Will County Circuit Court improperly denied Petitioner's motion to substitute Judge Robert P. Livas for cause. The Third District Appellate Court denied the motion without reaching the merits of Petitioner's argument.

Since Petitioner filed his first pro se motion on July 10, 2012, he has filed two more pro se motions that raise similar arguments to that

raised in his first pro se motion. The Third District Appellate Court has dismissed both motions without reaching the merits of Petitioner's arguments.

On August 1, 2012 Petitioner, represented by the Office of the State Appellate Defender, appealed his conviction for violation of an order of protection. The appeal remains pending in the Illinois Third District Appellate Court with Petitioner's appellant's brief due on July 22, 2013.

Shortly after filing his notice of direct appeal, Petitioner filed a pro se motion for leave to file a petition for writ of habeas corpus in the Illinois Supreme Court. Along with this motion, Petitioner filed a memorandum that argued the Will County Circuit Court improperly denied Petitioner's motion to substitute Judge Livas for cause; Petitioner was not given proper notice of the order of protection; no evidence supported issuance of an order of protection; the Cook and Will County courts lost jurisdiction over Petitioner after Petitioner properly removed to federal court; and Petitioner's ex-wife is currently in a void and

bigamous marriage.  On November 28, 2012 the Illinois Supreme Court denied the motion without reaching Petitioner's arguments on the merits.

On December 17, 2012, Petitioner filed the instant federal habeas petition.  The petition argues that the Will County Circuit Court improperly denied Petitioner's motion to substitute Judge Robert P. Livas for cause; Petitioner was forced to proceed at trial pro se because he lacked competent counsel; bail was excessive; the Cook County and Will County trial courts had no jurisdictional power over Petitioner after he filed federal removal cases; and Petitioner's ex-wife is currently in a void and bigamous marriage.

On January 31, 2013 this Court issued a text order requiring Respondent to address the issues raised in Petitioner's petition.  On April 9, 2013, Respondent filed a Motion for Leave to File a Motion to Dismiss (d/e 28).  Respondent also attached a memorandum arguing for dismissal of Petitioner's petition because he has failed to exhaust his state court remedies.  See d/e 28, Ex. 1.  Respondent's motion is now before the Court.

## II.     ANALYSIS

A.     Filing Three Pro Se Motions in the Illinois Third District Appellate Court Does Not Exhaust Petitioner's State Court Remedies

On August 1, 2012, Petitioner appealed his conviction for violation of an order of protection. This appeal remains pending before the Illinois Third District Appellate Court. Petitioner insists that, despite the ongoing proceeding in the Illinois Third District Appellate Court, this Court should address the claims in his federal habeas petition.

But before a federal court may address the claims in a petitioner's application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court, the petitioner must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991). To exhaust his remedies, an individual in state custody must "'fairly present' his claim in each appropriate state court, including a state supreme court, with powers of discretionary review." Dupree v. Jones, 281 Fed. Appx. 559, 560 (7th Cir. 2008) (citing Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004)). A person in state custody need not pursue all separate state remedies that are available to him but must give

"the state courts one fair opportunity to pass upon and correct the alleged violations." McAtee v. Cowan, 250 F.3d 506, 508-09 (7th Cir. 2001).

Petitioner asserts that he has met this exhaustion requirement. To support his assertion, Petitioner has submitted three orders from the Third District Appellate Court. These orders deny three pro se motions filed by Petitioner. Petitioner maintains that the appellate court's denial of these motions shows that he has exhausted his state court remedies with regard to the claims raised in his federal habeas petition.

However, Petitioner's pro se motions were improperly filed, difficult to understand, and the Third District Appellate Court did not reach the merits of any arguments raised by Petitioner in those motions. Moreover, Petitioner still has a chance to properly raise his claims in the Third District Appellate Court on appeal from conviction for violation of an order of protection. Petitioner is represented by the Office of the State Appellate Defender on that direct appeal.

Clearly then, Petitioner's pro se motions did not give the Illinois Third District Appellate and Supreme Courts a full and fair opportunity

to correct any constitutional violations that occurred during Petitioner's criminal proceeding in the Will County Circuit Court. Therefore, Petitioner must raise those claims in the Third District Appellate Court when he, with the help of the Office of the State Appellate Defender, submits his appellant's brief that is due on July 22, 2013.

B.  **The Illinois Supreme Court's Denial of Petitioner's Motion to File a Petition for a Writ of Habeas Corpus Does Not Meet Section 2254(b)(1)'s Exhaustion Requirement**

Petitioner has also submitted an order from the Illinois Supreme Court denying Petitioner's pro se motion for leave to file a petition for writ of habeas corpus. Petitioner asserts that this order, like the orders from the Third District Appellate Court, demonstrates that he has met 28 U.S.C. § 2254(b)(1)'s exhaustion requirement. The Court disagrees.

When a state provides multiple remedies, one of which allows a prisoner to bring his claim directly to the state supreme court without first asking the trial and appellate courts to rule on the claim, the prisoner has not fully exhausted his state court remedies unless the supreme court's denial of his request would bar him from bringing his

claim anew in the trial and appellate courts.  Dupree, 281 Fed. Appx. at 560 (citing Crump v. Lane, 807 F.2d 1394, 1395 (7th Cir. 1986)).

Here, Petitioner was convicted on May 27, 2012 in the Will County Circuit Court of violating an order of protection.  He was later sentenced to three years in prison.

On September 10, 2012, Petitioner filed a pro se motion for leave to file a petition for writ of habeas corpus in the Illinois Supreme Court.  On November 28, 2012, the Illinois Supreme Court denied the motion without reaching the merits of Petitioner's arguments.

Prior to the Illinois Supreme Court denying Petitioner's motion, Petitioner had also filed a notice of appeal from conviction in the Illinois Third District Appellate Court.  As stated, Petitioner's appeal remains pending with his appellant's brief due on July 22, 2013.

Based on these facts, the Illinois Supreme Court's denial of Petitioner's motion to file a petition for writ of habeas corpus did not bar him from pursuing his claims on direct appeal in the Illinois Third District Appellate Court.  Therefore, Petitioner did not exhaust any claims he now raises in his federal habeas petition when he filed a motion

for leave to file a petition for writ of habeas corpus in the Illinois Supreme Court.

C. The State Does Not Need to Justify the Delay in Petitioner's Case that is on Appeal in the Illinois Third District Appellate Court

Even though Petitioner has not exhausted his claims in the Illinois courts, the exhaustion requirement may be excused if "circumstances exist that would render [a state's review] process ineffective." Delay that is both "inordinate" and "unjustified" constitutes such a circumstance. Sceifers v. Trigg, 46 F.3d 701, 703 (7th Cir. 1995).

A district court considering a habeas corpus petition that alleges delay in the state court process must, as a first step, determine whether the delay is "inordinate." Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981). If the "state court delay is inordinate, the district court must hold a hearing to determine whether the delay is justifiable. If not justifiable, the court must hear the habeas petition on its merits." Id. (citing Dozie v. Cady, 430 F.2d 637, 638 (7th Cir. 1970)).

The shortest period that the Seventh Circuit has found long enough to merit further inquiry is seventeen months. Dozie, 430 F.2d at 638. In that case, the Seventh Circuit did not use the word "inordinate" but

nonetheless directed the district court to conduct a hearing to determine whether the delay was justifiable.  Id.

More recently, the Northern District of Illinois found a delay not inordinate where fourteen months had passed since the petitioner had filed his notice of appeal and no opening appellate brief had been filed. See, e.g., U.S. ex rel. Brown v. Shaw, 2009 WL 5166220, at *3-5 (N.D. Ill. 2009).

In this case, Petitioner filed his notice of appeal from conviction on August 1, 2012.  The appeal remains pending in the Third District Appellate Court with Petitioner's appellant's brief due on July 22, 2013. While not expedient, the almost twelve months that will pass between Petitioner's notice of appeal and the deadline for his appellant's brief has not reached an unreasonable period.  Consequently, the current delay is not inordinate and the state need not justify the delay at this time.

Further, the fact that Petitioner's brief is due on July 22, 2013 demonstrates that the Third District Appellate Court has been taking action on Petitioner's appeal and that this case is following a briefing schedule.  Therefore, even though there may be situations that stretch so

long that state procedures become ineffective to protect the rights of a prisoner, the simple fact that the appellate process is time consuming is not grounds to substitute federal habeas corpus proceedings for a direct state appeal in this case.

### III.    CERTIFICATE OF APPEALABILITY

Finally, Rule 11 of the Rules Governing § 2254 cases requires the district court to issue or deny a certificate of appealability when the court enters a final order adverse to the applicant. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Petitioner's habeas claims have been exhausted. Therefore, a plain procedural bar exists. Consequently, no certificate of appealability shall issue.

### IV. <u>CONCLUSION</u>

There being no arguable basis that Petitioner has exhausted his state court remedies, a certificate of appealability WILL NOT ISSUE. Respondent's Motion for Leave to File Motion to Dismiss (d/e 28) is GRANTED, and Petitioner's petition for writ of habeas corpus (d/e 1) is dismissed without prejudice for failure to exhaust state remedies. Petitioner may refile his petition when he has exhausted his state court remedies or if the delay in his appellate proceedings continues for an inordinate and unjustifiable period. THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: June 24, 2013

FOR THE COURT:              <u>s/ Sue E. Myerscough</u>
                                        SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE